

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOHNATHAN LEE X SMITH,**

      Plaintiff,

v.                                    Civil Action No. **3:07CV177**

**CITY OF NEWPORT NEWS,** *et al.,*

      Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia state prisoner proceeding *pro se*, filed the present action in the Circuit Court for the City of Newport News (hereinafter "the Circuit Court"). Some of the defendants thereafter removed the action to this Court. The matter is before the Court on Plaintiff's motion to remand the action to the Circuit Court, Defendants Gibbs, Troung and Loose's opposition thereto, and the motions of Gibbs, Troung, Loose, and the City of Newport News to correct or amend the defective notice of removal.

### I. Procedural History

On February 5, 2007, Plaintiff filed this civil rights action in the Circuit Court. Plaintiff named as defendants the City of Newport News, Brand E. Washington, Charles C. Moore, Hal T. Troung, G.A. Loose, Earl Tonnesen, and William R. Gibbs.

Defendant Moore is deceased. Defendant Loose was served on February 9, 2007; Defendant Troung was served on February 12, 2007; Defendant Gibbs was served on February 13, 2007; and, Defendant Tonnesen was served on February 14, 2007. It is not clear from the record when the remaining defendants were served with process.

On March 9, 2007, Defendants Troung and Loose filed a notice for removal with the Norfolk Division of this Court.[1] Troung and Loose represented that such removal was filed "with the express consent to removal by all co-defendants . . . ." (Notice for Removal.)  On April 13, 2007, this Court received Plaintiff's motion to remand the action to the Circuit Court on the grounds that, *inter alia*, the notice for removal was not properly joined by all Defendants. On April 18, 2007, Defendants Troung and Loose moved to amend the notice for removal to correct this defect.  Thereafter, on May 14, 2007, the City of Newport News moved to amend the notice of removal and join the same.  On May 17, 2007, Defendant Gibbs moved to amend the notice of removal to reflect his express consent to removal.

### III. Analysis

Pursuant to 28 U.S.C. § 1446 (a), "[a] defendant or defendants desiring to remove any civil action" shall file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Additionally, the notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b).  Because removal of civil cases to federal court infringes state sovereignty, "courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 507-08 (E.D. Va. 1992) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985)).

---

[1] By Order entered on March 23, 2007, the Norfolk Division transferred the action the Richmond Division.

The representation by Troung and Loose that the other defendants consented to removal does not satisfy the requirements of § 1446. *Creekmore*, 797 F. Supp. at 509. "The statute requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney." *Id.*; *accord Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 642 n.5 (E.D. Va. 2003) (Ellis, J.) (*citing Creekmore*, 797 F. Supp. 508-09; *Landman v. Borough of Bristol*, 896 F. Supp. 406, 408 (E.D. Pa. 1995)). The failure of all served defendants to properly "consent to a removal petition within the thirty day period 'is sufficient to render removal improper and to require remand.'" *Unicom Sys., Inc.*, 262 F. Supp. 2d at 641 (*quoting Adams v. Aero Servs. Int'l, Inc.*, 657 F. Supp. 519, 521 (E.D. Va. 1987); *citing Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Louth*, 40 F. Supp. 2d 776, 783 (W.D. Va. 1999)).

Here, all of the served defendants did not properly join in removal within the thirty-day period. For example, Defendant Tonnesen was served on February 14, 2007, and has yet to file a proper notice of removal. Thus, remand is warranted. *See Unicom Sys., Inc.*, 657 F. Supp. 2d at 641.[2]

Defendants Gibbs, Troung, Loose, and the City of Newport News counter that Plaintiff waived any defect in their removal by failing to object within thirty days of March 9, 2007. They are wrong. Plaintiff handed his motion to remand to jail officials for mailing on April 6, 2007. Thus, under the relevant precedent, the motion to remand is deemed filed as of that date.

---

[2] After the thirty-day period, Defendants Gibbs and the City of Newport News moved to amend the notice of removal to include their express endorsement to removal. Permitting such a belated endorsement is not consistent with the strict construction of the removal statutes against the removing party. *See Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 202 (N.D. Tex. 1990) (denying motion to amend defective notice of removal); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 437 n.1 (W.D. Va. 1990).

*See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dep't*, 947 F.2d

733, 736 (4th Cir. 1991). Accordingly, Plaintiff's motion to remand the action to the Circuit

Court (Docket No. 7) will be GRANTED. The motions to amend or join the notice of removal

(Docket Nos. 8, 15, 16, & 17) will be DENIED. The action will be REMANDED to the Circuit

Court. Plaintiff's motion for sanctions (Docket No. 21) fails to contain a proper certificate of

service and will be DENIED.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

Date: 6-6-07
Richmond, Virginia

4